UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-01534 MMM (AJWx) | Date | February 10, 2014 |
|---|---|---|---|

| Title | K. Durant Enterprises, LLC v. Swanson Travel Professionals, Inc., et al. |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Why Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction

### I. BACKGROUND

On September 30, 2013, K. Durant Enterprises, LLC ("KDE") filed this action against Swanson Travel Professionals, Inc. ("Swanson Travel") and Lynn S. Swanson ("Swanson"), alleging claims for breach of fiduciary duty, unfair competition, breach of implied contract, an accounting, and unjust enrichment.[1] KDE asserts that defendants were its travel agents from May 2007 to October 2012, during which time they charged substantially inflated prices above travel costs, charged KDE for bookings for which they had already been paid and bookings defendants never purchased, and kept the frequent flier miles that accrued from KDE's travel for their personal use.[2] KDE invokes the court's diversity jurisdiction under 28 U.S.C. § 1332(a).[3]

---

[1]Complaint, Docket No. 1 (Sept. 30, 2013).

[2]*Id.*, ¶ 16.

[3]*Id.*, ¶ 1.

## II.  DISCUSSION

### A.  Standard Governing a Plaintiff's Pleading of Jurisdiction

As the party invoking federal jurisdiction, KDE bears the burden of establishing the existence of subject matter jurisdiction.  See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  At the pleading stage, this burden is satisfied by alleging facts that show a proper basis for jurisdiction.  FED.R.CIV.PROC. 8(a)(1) (a complaint "shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends"); see *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met.  They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor.  He must allege in his pleading the facts essential to show jurisdiction").

The complaint must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities For A Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).  Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting the exercise of jurisdiction.  See *Watson v. Chessman*, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005); see also *Tosco Corp.*, 236 F.3d at 499; *Century Sw. Cable Television, Inc. v. CIIF Assocs.*, 33 F.3d 1068, 1071 (9th Cir. 1994).

### B.  Requirements for Diversity Jurisdiction

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").  In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants.  See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996).

### 1.     Amount in Controversy

KDE alleges that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."[4] Its prayer for relief seeks compensatory damages of no less than $500,000.[5] These allegations are sufficient to satisfy § 1332(a)'s amount in controversy requirement. See *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) ("Where the plaintiff originally files in federal court, the amount in controversy is determined from the face of the pleadings. The amount in controversy alleged by the proponent of federal jurisdiction – typically the plaintiff in the substantive dispute – controls so long as the claim is made in good faith" (citations and internal quotation marks omitted)); Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 2:1783 (The Rutter Group) ("Plaintiffs need not itemize or show how they arrived at the amounts of damages claimed. A general conclusory allegation that the damages exceed the minimum jurisdictional limit is usually sufficient").

### 2.     Complete Diversity of Citizenship

#### a.     Swanson's Citizenship

A person is a citizen of the state in which she has her domicile, i.e., a permanent home where she intends to remain or to which she intends to return. See *Gilbert v. David*, 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). A person's residency does not determine his or her citizenship for purposes of diversity jurisdiction. *Kanter*, 265 F.3d at 857 ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state"); see also *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile").

KDE alleges, on information and belief, that Swanson resides in Los Alamitos, California.[6] "A petition alleging citizenship upon information and belief is insufficient to establish diversity." *Leslie v. Schering-Plough Biopharma Corp.*, No. CV 09-1278 PA (CWx), 2009 WL 734101, *1

---

[4]*Id.*, ¶ 1.

[5]*Id.*, ¶ 2 (Prayer).

[6]*Id.*, ¶ 5.

(C.D. Cal. Mar. 18, 2009) (citing *Bradford v. Mitchell Brothers Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963)); see also *Kanter*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties"); *Garcia v. Specialized Exp., LLC*, No. ED CV 10-729 PA (OPx), 2010 WL 2402889, *2 (C.D. Cal. June 8, 2010) (" Because Removing Defendants have alleged Plaintiff's citizenship on "information and belief," the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship").

Moreover, as noted, allegations of residency but not citizenship are insufficient to establish the citizenship of a party. See, e.g., *Baldwin v. Monier Lifetile, L.L.C.*, No. CIV05-1058PHXJAT, 2005 WL 3334344, * 2 (D. Ariz. Dec. 7, 2005) ("Allegations of residency but not citizenship are insufficient to determine the existence of diversity jurisdiction" (citations omitted)). Although defendants' answer admits that "the matter is between a citizen of a foreign state and citizens of the State of California,"[7] it does not provide further detail, such that the court can determine which parties defendants admit are citizens of California and which are not. Because KDE has not sufficiently alleged that Swanson is a California citizen, the court cannot determine if § 1332's complete diversity requirement is satisfied.

### b. Swanson Travel's Citizenship

A corporation may be a citizen of multiple states for diversity jurisdiction purposes. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). KDE alleges, on information and belief, that Swanson Travel is a California corporation.[8] Because KDE rests its allegation on information and belief, it is insufficient to establish that the court has diversity jurisdiction. Moreover, KDE has made no allegation concerning the location of Swanson Travel's principal place of business. Thus, the court is unable to determine Swanson Travel's state (or states) of citizenship.

### c. KDE's Citizenship

The Ninth Circuit treats limited liability companies like partnerships for purposes of diversity jurisdiction. See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits and treating LLCs like partnerships). Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; see also *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that a limited liability company has the citizenship of its members). KDE alleges that it is a Washington

---

[7]See Answer, Docket No. 11 (Dec. 9, 2013).

[8]Complaint, ¶ 6.

limited liability company with a sole member who resides in Oklahoma.[9]  Because, as noted, allegations of residency are insufficient to establish citizenship, KDE has not adequately alleged its citizenship.

### III.  CONCLUSION

KDE has failed adequately to allege the citizenship of any of the parties to this case.  The court is therefore unable to determine whether the complete diversity requirement of § 1332 has been satisfied, and orders KDE to show cause on or before **February 18, 2014** why the action should not be dismissed for lack of subject matter jurisdiction.  Failure to respond by **February 18, 2014** will result in immediate dismissal of the action.  If KDE files a response to this order, defendants may file a reply no later than **February 25, 2014.**

---

[9] *Id.*, ¶ 4.